[No. 15403. Department One. February 19, 1920.]

GEORGE M. UTTERBACK et al., Respondents, v. ADOLPH JOHNSON et al., Appellants.[1]

APPEAL (140)—PRESERVATION OF GROUNDS—EXCEPTIONS—EVIDENCE. Error cannot be assigned on the denial of further cross-examination of a witness, where no exceptions were taken to the ruling.

APPEAL (457)—REVIEW—HARMLESS ERROR—EVIDENCE. In an action for a broker's commission, in which it appears that defendants refused to consummate a sale at any price, error cannot be assigned upon the refusal to allow cross-examination of the purchaser as to his ability to pay.

BROKERS (12-17) — COMMISSIONS — PERFORMANCE OF CONTRACT. Brokers, finding a purchaser able and willing to buy at the price fixed, are entitled to their commissions, where the owners refused to sell at any price.

Appeal from a judgment of the superior court for King county, French, J., entered January 9, 1919, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

Wm. R. Bell, for appellants.

P. H. Wilson (Vince H. Faben, of counsel), for respondents.

MITCHELL, J.—Plaintiffs brought this action to recover the sum of $700 as commission on the sale of personal property. The complaint alleges the plaintiffs were copartners in the brokerage business in Seattle and that the defendants were copartners and,

[1]Reported in 187 Pac. 369.

as such, proprietors of the Central Hotel in the city of Seattle. That defendants employed plaintiffs to procure a purchaser for their interest, right, and title in and to the furniture, fixtures, household goods, furnishings, etc., of the hotel, for the sum of $18,000, subject to a mortgage of $3,000, $10,000 of which was to be paid in cash. That plaintiffs did procure and present a purchaser who was ready, able, and willing to buy and who offered to buy and pay upon the terms designated. That the defendants refused to sell upon those terms, whereupon the same purchaser, then being able to do so, offered to pay the defendants for the property the full sum of $15,000, and to assume and agree to pay the mortgage of $3,000, but that defendants still refused to carry out their agreement to sell and refused to sell at all. That the agreed value of plaintiffs' services to be paid as a commission was $700, none of which has been paid. Defendants answered, putting in issue all of the allegations of the complaint other than the partnership relations of defendants and their being proprietors of the hotel. The case was tried without a jury. Findings of fact and conclusions of law favorable to the plaintiffs were made and entered, as well as a judgment in the sum of $700, from which defendants have appealed.

The first assignment of error is stated to be the refusal of the trial court to permit cross-examination of the one who was to have purchased the property as to his ability to pay. In both direct and cross-examination, the witness had fully testified upon the subject, showing very considerable wealth; that he and his partner who were to purchase this property were already the owners of several hotels in Seattle and Tacoma; that they had considerable money in a bank which he named, had all the banking credit needed, had $10,000 to pay according to the first terms offered by

appellants and that, when the terms were raised to all cash, the witness at once arranged and offered to pay it. In a very extended cross-examination he was asked several times by way of repetition if the money was in cash and where he had it, to which objections were finally sustained. That the questions were repetitions is shown by the remark of the trial court at the time of sustaining the objections, as follows:

"The witness has stated fully and completely if you understood him. It is hard to understand him, but as I understand, the witness testified he had fifteen thousand dollars cash, he and his partner. They owned several places. He claimed all the time he put up a hard luck story he might have to borrow it for the purpose of getting this hotel on as small a cash payment as they could, but as I understood him they had the money to buy this hotel all the time. I understand he had money in the Japanese-American Bank."

And still another reason why appellants cannot complain is, the proof shows that at the time the purchaser agreed to pay all cash appellants refused to sell at any price. *Carstens v. Nut House,* 96 Wash. 50, 164 Pac. 770.

Assignments Nos. 2, 3, 4, 5 and 6 allege error in the findings of fact made by the trial court. The findings are in accord with all the essential allegations of the complaint, and the evidence shows they are supported by a clear preponderance of it.

Assignment No. 7 questions the conclusion that respondents were entitled to judgment in the sum of $700, and assignment No. 8 objects to the entry of the judgment in that sum. These two assignments need no discussion as they follow the findings of fact.

The last assignment, No. 9, charges error in denying the motion for a new trial. The grounds for a new trial were: (1) that the decision was contrary to law;

(2) that the decision was contrary to the evidence; and (3) errors in law occurring at the trial and excepted to at the time by the appellants.

As to the first two, it may be said the complaint clearly states a cause of action and was satisfactorily established by the evidence.

As to the third ground, our attention is directed to nothing to which it is applicable other than the findings of fact, which have been already referred to and found to be supported by the evidence.

Judgment affirmed.

HOLCOMB, C. J., PARKER, MACKINTOSH, and MAIN, JJ., concur.